**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JEOVANNY GARCIA, et al.,**

                            **Plaintiffs,**

               -against-

**AKR CORPORATION, et al.,**

                            **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**11-CV-6184 (RRM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court, on a referral from the Honorable Roslynn R. Mauskopf, is a letter filed on behalf of the three plaintiffs in this Fair Labor Standards Act case, requesting a pre-motion conference and permission to move for a default judgment against the two defaulting defendants, Ghulem Mohammad and Palace Fried Chicken (collectively, "defaulting defendants"). See Letter Motion for Default Judgment [Request for Premotion Conference] ("Pl. Letter") (June 25, 2012), ECF Docket Entry ("DE") #23; see also Referral Order (June 25, 2012). In that letter, plaintiffs ask that they be permitted to proceed against the defaulting defendants "rather than requiring the plaintiffs to wait until after a trial against the non-defaulting parties." Pl. Letter at 2. The only reason proffered for this latter request is that the non-defaulting defendants "deny responsibility and have taken a no-pay position," whereas the defaulting defendants "were, without question, plaintiffs' employers." Id.

      Plaintiffs' request is granted in part. Plaintiffs are granted permission to move for

default judgments on liability against the defaulting defendants, without the need for a pre-motion conference. However, assuming that plaintiffs secure default judgments on liability against the defaulting defendants, this Court will defer the inquest on damages until plaintiffs' claims against the answering defendants are resolved. As this Court explained in an analogous case:

> As a general rule, where, as here, an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after disposition of the claims against the non-defaulting defendants. See, e.g., Miele v. Greyling, No. 94 Civ. 3674 (WK)(AJP), 1995 WL217554, at *3 (S.D.N.Y. Apr. 13, 1995); accord Meltzer v. Bullard, No. 95 Civ. 4502 (KMW)(AJP), 1995 WL 580201, at *2 (S.D.N.Y. Oct. 3, 1995). Deferring the inquest on damages will "avoid possible inconsistent judgments and [best serve] judicial economy . . . ." Miele, 1995 WL 217554, at *4.

Clement v. United Homes, LLC, 10-CV-2122 (RRM)(RLM), 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010); accord, F.D.I.C. v. Hodge, No. 09-CV-3234 (CBA)(JO), 2012 WL 1004788, at *5 (E.D.N.Y. Mar. 2, 2012).

Plaintiffs offer no persuasive reason for deviating from the preferred practice in this case. Notably, plaintiffs and the non-defaulting defendants are scheduled to complete discovery in a month, and to file their joint pretrial order by the middle of August. See Minute Entry (June 13, 2012), DE #19. Accordingly, the case against the answering defendants will be trial ready in less than two months, and deferring the inquest on damages will not result in undue delay.

Any objections to this Memorandum and Order must be filed with the Honorable

Roslynn R. Mauskopf on or before **July 16, 2012**. Failure to file objections in a timely manner may waive a right to appeal this order and the resulting District Court order.

    **SO ORDERED.**

Dated:    Brooklyn, New York
            June 28, 2012

                                /s/ *Roanne L. Mann*
                                **ROANNE L. MANN**
                                **UNITED STATES MAGISTRATE JUDGE**