UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEOVANNY GARCIA, MELVIN IVAN CHAVEZ, and NICEFORO MARTIN BAUTISTA, on behalf of themselves and others similarly situated,

    Plaintiffs,

-against-

AKR CORPORATION dba PALACE FRIED CHICKEN, NASRULLAH KAMRAN, GHULEM MOHAMMAD, MOHAMMAD D. ARIFEE, and WYCKOFF FOOD CORP. dba PALACE FRIED CHICKEN,

    Defendants.

Case No.: 11cv6184 (RRM)(RLM)

**MOTION FOR DEFAULT JUDGMENT PURSUANT TO F.R.C.P. 55(b)(2)**

---

## RELIEF SOUGHT

Plaintiffs Jeovanny Garcia, Melvin Ivan Chavez, and Niceforo Martin Bautista (collectively, "plaintiffs"), by and through their attorneys, Cilenti & Cooper, PLLC, move this Court for entry of a default judgment against defendants Ghulem Mohammad (also known as Mohammad Ghulam), and Wyckoff Food Corp. dba Palace Fried Chicken, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs request that judgment be entered as set forth in the proposed default judgment, annexed to the Declaration of Peter H. Cooper, dated July 6, 2012 ("Cooper Declaration"), Exhibit "H".

## NATURE OF THE ACTION

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), in which Plaintiffs seek to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

Plaintiffs further allege, pursuant to the New York Labor Law, that they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated damages equal to twenty-five (25) percent of the sum of their unpaid minimum wages, their unpaid "spread of hours" premium, and their unpaid overtime; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## PLEADINGS

On December 20, 2011, plaintiffs filed a summons and complaint naming AKR Corporation, Nasrullah Kamran, and Ghulem Mohammad as defendants. A true and complete copy of the summons and complaint is attached to the Cooper Declaration as Exhibit "A".

On December 26, 2011, defendant Ghulem Mohammad (aka Mohammad Ghulam) was served with the Summons and Complaint. A true and complete copy of the affidavit of service of the summons and complaint upon Ghulem Mohammad is attached to the Cooper Declaration as Exhibit "B". This individual uses the names "Ghulem" and "Ghulam", and "Mohammad", interchangeably.

On or about February 16, 2012, defendants AKR Corporation and Nasrullah Kamran, through counsel, served an answer to the complaint. A true and complete copy of the answer served on behalf of AKR Corporation and Nasrullah Kamran is attached to the Cooper Declaration as Exhibit "C". In their answer, and in discovery, defendants AKR Corporation and Nasrullah Kamran admit they own the property located at 285 Wyckoff Avenue, Brooklyn, New York, allege that they have no ownership interest or

employment relationship with Palace Fried Chicken, the restaurant doing business at 285 Wyckoff Avenue, Brooklyn New York, where the plaintiffs worked. *See*, Exhibit "C".

On February 29, 2012 plaintiffs filed an amended complaint, adding as defendants Mohammad D. Arifee and Wyckoff Food Corp., doing business as Palace Fried Chicken, located at 285 Wyckoff Avenue, Brooklyn, New York. A copy of the Summons and Amended Complaint are annexed as Exhibit "D".

On March 9, 2012, defendant Wyckoff Food Corp., dba Palace Fried Chicken, located at 285 Wyckoff Avenue, Brooklyn, New York 11237, was served with the amended complaint. A copy of the affidavit of service upon Wyckoff Food Corp. is attached as Exhibit "E".

On or about March 19, 2012, a permit to operate a food service establishment was Grove Corner Food Corp., dba Palace Fried Chicken, Mohammad Ghulam, President. A copy of the application of permit and response from the NYC Department of Health is attached to the Cooper Declaration as Exhibit "F".

On or about April 5, 2012, defendants AKR Corporation, Nasrullah Kamran, and Mohammad D. Arifee, filed an answer to the amended complaint. Wyckoff Food Corp. dba Palace Fried Chicken (or any other corporation doing business as Palace Fried Chicken located at 285 Wyckoff Avenue, Brooklyn, New York), remains in default.

Ghulem Mohammad (aka Mohammad Ghuman), President of Palace Fried Chicken, remains in default.

On June 20, 2012, the Clerk of Court filed a Notation of Ghulem Mohammad and Wyckoff Food Corp dba Palace Fried Chicken's default. A copy of the Clerk's Notation of Default filed June 20, 2012, is annexed to the Cooper Declaration as Exhibit "G".

At this time Ghulem Mohammad or Mohammad Ghulam, and Wyckoff Food Corp. (or any other corporation doing business as Palace Fried Chicken at 285 Wyckoff Avenue, Brooklyn, New York) have not appeared to answer or otherwise respond to the complaint. Defendants Ghulem Mohammad a.k.a. Mohammad Ghulam, and Wyckoff Food Corp., continue to be in default.

## CONTROLLING LAW

Given defaulting defendants' failure to answer the complaint, a default judgment should be entered. Rule 55(a) of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, pursuant to Rule 55(b) and Local Civil Rule 55.2, where, as here, the claim is not "for a sum certain or a sum that can be made certain by computation" and includes a request for attorneys' fees or other substantive relief," the party "must apply to the court for a default judgment," and "shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v New York State Department of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999). In civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). See, *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir 1984).

The instant application for default should be granted because Ghulem Mohammad and Palace Fried Chicken have not answered or otherwise appeared or moved. See, Fed.

R. Civ. Pro. 12(a); 15(a)(3). Therefore, the defaulting defendants, having failed to respond in any way to the complaint or otherwise make any appearance in this action and having failed to provide any explanation for their failure to defend, have defaulted willfully. *Mason Tenders Dist. Counsel v. Duce Construction*, 2003 U.S. Dist. LEXIS 6881 at *6. Moreover, because the defendants have failed to proffer any defense, they are deemed to have admitted the well-pleaded allegations of the complaint, other than those as to the amount of the damage. *Id.*

As such, for all of the foregoing reasons, plaintiffs respectfully request that the District Court hold an inquest on damages at the time of trial of this action. A proposed default judgment is attached to the Cooper Declaration as Exhibit "G".

## CONCLUSION

A default judgment is appropriate in the case at bar because the summons and complaint in this action were duly and properly served upon the defendants Ghulem Mohammad and Palace Fried Chicken, and the defendants Ghulem Mohammad and Palace Fried Chicken have failed to answer or otherwise respond to the allegations in the complaint. To plaintiffs' knowledge and belief, the defaulting defendants are not a minor, mentally incompetents, nor in the military service of the United States.

Ghulem Mohammad and Palace Fried Chicken, having failed to appear or otherwise move, are in default. Accordingly, a proposed default judgment is attached hereto as Exhibit "H".

Dated: New York, New York
       July 6, 2012

                                      Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com