UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEOVANNY GARCIA, et al.,

                            **Plaintiffs,**

          **-against-**

AKR CORPORATION, et al.,

                           **Defendants.**
------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**11-CV-6184 (RRM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

    Currently pending before this Court is a letter-motion filed by plaintiffs on August 15, 2012,[1] against three of the five defendants to this Fair Labor Standards Act lawsuit -- i.e., AKR Corporation, Inc. ("AKR"), Nasrullah Kamran ("Kamran") and Mohammad D. Arifee (collectively, "defendants" or "the three defendants").  Plaintiffs seek "an order compelling the defendants to respond [to plaintiffs' discovery demands], and/or precluding the defendants from offering evidence as [sic] trial as to matters which should have been, but have not been disclosed."  Pl. Motion at 1-2.  Alternatively, plaintiffs request an in-person status conference concerning the referenced discovery issues and an order requiring the three defendants to pay plaintiffs' costs and fees in connection with the motion.  See id. at 2.

    For the reasons that follow, plaintiffs' motion is granted in part and denied in part.

---

    [1] The letter is erroneously dated "February 9, 2011."  See Letter Motion for Discovery (Aug. 15, 2012) ("Pl. Motion") at 1, Electronic Case Filing Docket Entry ("DE") #36.

## DISCUSSION

Plaintiffs complain that as of August 15, 2012, the three defendants still had not responded at all to plaintiffs' document demands and interrogatories (which were served on them on June 20, 2012) despite correspondence from plaintiffs' counsel, on July 31 and August 9, 2012, reminding them that their responses were overdue.  See id. at 1 & Ex. A thereto.

In response to an Order to Show Cause issued by this Court on August 15, 2012, see Endorsed Order (Aug. 15, 2012), DE #37, the three defendants filed a letter attaching what purports to be responses from defendant Kamran to plaintiffs' interrogatories.  See Response in Opposition to Letter Motion (Aug. 20, 2012) ("Def. Response") at 1 & Ex. thereto, DE #38. As plaintiffs correctly note in their reply letter, see Reply in Support of Letter Motion (Aug. 20, 2012) ("Pl. Reply") at 1, DE #39, the interrogatory responses are not signed, and defendants' letter fails to explain why their counsel ignored plaintiffs' repeated reminders that their discovery responses were overdue.  See id.  Furthermore, instead of serving a response to plaintiffs' document demands, defendants simply assert that they were not plaintiffs' employers, and that their answer to the complaint put plaintiffs on notice of that position.  See Def. Response at 1.  Defendants further argue that their co-defendants -- Ghulem Mohammad and defaulting defendant Wyckoff Food Corp. -- would be able to provide the employment records sought by plaintiffs, and that plaintiffs' request for a preclusion order is "excessive." Id. at 2.  Defendants do not address plaintiffs' request for fees and costs, except to "request that the plaintiffs' motion be denied in its entirety."  Id.

In their reply, plaintiffs, among other things, challenge the credibility of the defense

contention that the three defendants were not plaintiffs' employers.  See Pl. Reply at 1.  It is

not this Court's function, in supervising discovery, to resolve the merits of the claims and

defenses in this case.  However, plaintiffs also complain that the three defendants never

responded at all to plaintiffs' document demands, including those (such as a request for a copy

of the lease for the premises at issue[2]) that do not depend on an employer-employee

relationship with plaintiffs.  See id. at 1.

Having considered the parties' submissions, the Court finds that the three defendants'

belated response to plaintiffs' discovery demands is woefully inadequate.  Moreover, they

proffer no excuse whatsoever -- let alone an acceptable one -- for having ignored plaintiffs'

counsel's inquiries as to the overdue discovery responses, and for having failed to respond at

all to plaintiffs' document demands.  While the Court concludes that a sanction is therefore

appropriate, see generally Fed. R. Civ. P. 37(d)(3), the Court is not yet prepared to impose the

harsh sanction of preclusion.  Instead, the three defendants and their attorney are directed to

pay the reasonable expenses, including attorney's fees, caused by their discovery violations.

In addition, the three defendants must, by September 4, 2012, on pain of sanctions, including

but not limited to a preclusion order, serve signed responses to plaintiffs' interrogatories, and

serve a written response to each item contained in plaintiffs' document demands, along with

copies of all responsive documents.  In light of the three defendants' inexcusable failure to

have responded at all to those document demands, any and all objections to those demands are

---

[2]  According to the three defendants, plaintiffs were employed by the two co-defendants, who leased the premises from defendants AKR and Kamran, who "are the property owner . . . ."  See Def. Response.

deemed to have been waived.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel and for an award of costs and fees is granted; plaintiffs' motion for a preclusion order is denied without prejudice; and plaintiffs' motion for an in-person conference is denied as moot.

Any objections to this Memorandum and Order must be filed with the Honorable Roslynn R. Mauskopf on or before **September 14, 2012**.  Failure to file objections in a timely manner may waive a right to appeal this order and the resulting District Court order.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **August 28, 2012**

        /s/ *Roanne L. Mann*

        **ROANNE L. MANN**
        **UNITED STATES MAGISTRATE JUDGE**